**Affidavit of Chris Bush**
**to Accompany Filing of Complaint**
**Against Donato's Pizza and the Department of Labor**

1. Plaintiff Chris Bush ("Bush") is filing this Affidavit to accompany his Complaint being filed against the Secretary of Labor ("Secretary").

2. Bush's Complaint is based upon The Taxpayer First Act" ("The Act"), Codified as 27 USC  7623(d)(2)(A)(ii):

3. "(2) ENFORCEMENT ACTION.— "(A) IN GENERAL.—A person who alleges discharge or other reprisal by any person in violation of paragraph (1) may seek relief under paragraph (3) by— "(i) filing a complaint with the Secretary of Labor, or "(ii) if the Secretary of Labor has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

4. Bush filed a Complaint w/ the Secretary of Labor against Donato's Pizza in October, 2021. The Secretary finally completed its handling of same on December 30, 2025, well past the 180 day window provided in the statute.[1]

5. Bush is thus following the direction of the statute to undertake a de novo review of the Secretary's Decision in the United States District Court for the Eastern District of Kentucky.

6. Bush has not caused any delay due to bad faith. In fact, the defendant Donato's Pizza engaged in multiple actions of bad faith.

7. Moreover, per the *Glista* Court Decision in the Eastern District of Pennsylvania, the Court there found that if the DOL violates a timetable for completing action, the Whistleblower Employee maintains his right to pursue action in District Court thereafter.

---

[1] If counting from the date Bush complained about not being rehired, October 6, 2021, December 30th, 2025 is well past 180 days. If counting from the date Bush filed a complaint w/ OSHA on March 21, 2022, again well past 180 days

I

8.  Please be aware that Bush has also filed a Petition for Review of the Secretary's Administrative Review Board Decision with the 6th Circuit Court of Appeals.

9.  Bush is unaware of any legal situation where this matter can not be pursued simultaneously in two Courts: the 6th Circuit re the Administrative Review Board Decision, and the Fayette District Court re a de novo review of the ARB Decision.

10. However, in the interest of judicial economy, and because the Decision of the District Court may well likely be appealed by whoever loses the case before same to the 6th Circuit, Bush is attaching the District Court Civil Complaint with a Motion for a Continuance before the 6th Circuit, pending the resolution of this matter at the District Court level.

11. In the filing of the Complaint against Employer Donato's Pizza in October 2021, Bush notes that he had previously been wrongfully fired by Donato's in February 2019. Bush indicates that Donato's Management had engaged in a campaign of harassment around 4 issues leading up to such wrongful termination:

i-Bush- a Tax Accountant- had been complaining that the Employer was not reporting tips of employees, including himself, to the IRS; Bush kept records of his own tips as well as expenses, but because of the 2017 Taxpayer Reform Act, Employees were no longer allowed to deduct unreimbursed expenses beginning in 2018, which made Bush's tip recording all the more challenging as the related deductions were no longer available to reduce his income from same, unless the Employer classified Bush as a "Statutory Employee" on Bush's W-2, which would then enable Bush to deduct his mileage and other deductions on a Schedule C; Bush had informed Donato's that a previous Pizza Company, Domino's, had indeed so classified Bush as a Statutory Employee and that Bush argued Donato's should do so also, which it did not; Donato's had not been reporting tips for decades, and many Drivers, as a result, had their Social Security Income record reduced by half, as tips represent ½ the income of Pizza Drivers, the rest of their income being wages;

ii-Bush was the oldest Employee at the store, at age 62, and was subject to Age Discrimination, wherein Donato's hired much younger Drivers and were leapfrogging such Drivers over Bush, violating Donato's seniority system;

iii-Bush was subject to a stalking campaign- which extended to Donato's- from a

2

former organization with which he was affiliated for many years, such campaign which commenced, following Bush's concerns raised about self-dealing of said organization and such organization violating tenets of not-for-profit activities as such; such stalking manifested when members of such organization appeared at Donato's every few months, evidently engaging Donato's management to undertake harassment activities in conjunction w/ their appearance, such harassment by Donato's occurring simultaneously; Bush had performed Accounting Work for such organization and for Principal Businessmen of same, such Work which revealed that the Organization was also involved in organized crime, w/ dozens of shell companies created for money laundering, for thugs deployed to threaten vendors who were behind on payables; also, the Organization engaged in intimidation tactics against other Instructors not affiliated with the Organization *(among other things, the Organization provided instructional services)*; Bush himself was threatened re his complaints about same, including Bush's car vandalized; threats against Bush unless he relocated out of the state of Kentucky; the Principals' contacts w/ State Police provided such Principals the ability to obtain locational data on Bush from Police cameras on cars and light poles, which gave them the ability to locate Bush at his Pizza Job at Donato's and regularly appear there, involving Donato's Management in their hostile campaign; when organization appearances occurred at Donato's- via cars in the parking lot (w/ Members from Louisville) and Members coming inside, Bush experienced hostile acts by Management simultaneously, including a Manager brandishing Knife at Bush, a Manager throwing a bottle of water at Bush's Head, and the General Manager making a Death Threat (the GM had falsely accused Bush of running a red light and almost T-Boning a car while Bush was on a Delivery, but the Manager refused to provide the contact info of the person making such complaint; the GM said a Donato's car that was silver was involved in such "accusation"; Bush informed the GM that he- Bush- was on the other side of the territory at the time of the supposed traffic incident; it turns out that, later than night, when Bush returned to a home of a relative Bush was staying at in Lexington, the Relative's car, also silver, was itself T-Boned by a hit-and-run Driver, and such incident occurred at the same time of the false accusation put forward by the GM Bush; accordingly, Bush saw such comments by the GM as linked to same, and that such comments, thus, were to be taken as a physical threat against Bush; Bush has not heretofore raised this matter in any proceedings re Donato's, out of a desire to attempt to redress his complaints without involving a reference to an organized crime front; Bush is frankly frightened about invoking such organization; however, Bush's efforts in such regard have not been successful, so now he is invoking this matter in this proceeding as well.

iv- Bush complained, in 2018 up to his termination in 2019, about Donato's hiring Uber Eats and other food delivery services, such workers competing against Donato's workers yet such other workers NOT needing payroll tax withholding as such workers were classified as Independent Contractors (per the IRS, if such workers- who would otherwise be Independent Contractors- deliver beverages and baked goods,[2] such

---

2  26 USC 3121(d)(3); also, US Tax Court defines a Pizza Delivery Driver as a Statutory Employee, Blodgett v Commissioner, USTC, 10/24/2012, paragraph 40: "For example, sec. 3121(d)(3)(A) defines an employee as "any individual * * * who performs services for remuneration for any person * * * as an agent-driver or commission-driver engaged in distributing meat products, vegetable products, bakery

workers HAVE to be classified as Statutory Employees, the same classification Bush was seeking for himself.

12. The Donato's harassment campaign crested in February, 2019, when Management sent Bush home early at 6PM during a Friday rush, which is the biggest night in the pizza restaurant business, depriving Bush of important wage and tip income.

13. Bush complained to Management about being sent home early, and the following day on Saturday, management wrote Bush up re same. Such write up was NOT a termination, but merely Management's warning to Bush not to complain about Bush's mistreatment.

14. Bush did not sign the Write Up, and Donato's then summarily fired Bush for such non-signature, even though such retaliation for non signing was NOT authorized under Company handbook.

15. Bush filed a complaint w/ the EEOC, and while the EEOC did not order Bush's reinstatement, it did indicate that it could not corroborate Management's claim that Bush was correctly terminated.

16. On July 1, 2019, the Taxpayer First Act was passed, going into effect as of July 1, 2019.

17. In October of 2021, Bush sought to be reemployed by Donato's, and in a letter re same to Donato's, indicated that he was concerned that Donato's may not hire him because of Bush's complaint about Donato's not paying tips to its employees. Bush had contacted the IRS about same as well and also informed Donato's in such letter that he-Bush- had contacted the IRS re same.

---

products, beverages (other than milk), or laundry or drycleaning services, for his principal". Furthermore, sec. 31.3121(d)-1(d)(3)(ii), Employment Tax Regs., distinguishes a life insurance salesman from a general insurance salesman. We are hesitant to find that a trustee is the same as a director when sec. 3121(d)(3)(A) seems to distinguish the milkman from the pizza delivery person.

4

18. When Donato's did not hire him, Bush filed a complaint with the Department of Labor over Donato's retaliation pursuant to the Whistleblower Protections of the Taxpayer First Act.

19. In subsequent DOL proceedings, Donato's repeatedly harkened back to Bush's wrongful termination of February, 2019, as justification not to rehire Bush in October 2021. Bush again notes that his termination was NOT for cause and thus could not be used as a rationale to allow Donato's to violate the Whistleblower protections of the law.

20. Bush was not able to file taxes during the 4 year period of employment at Donato's from 2015 through 2021, because the company, again, did not report tips and Bush did not want to file a false 1040 accordingly.

21. Bush also did not press Donato's on this matter- aside from making inquiries in December of the year whether the Company would issue a W-2 w/ such tips reported and marking the "Statutory Employee" box: the company repeatedly said no regarding same. The reason Bush wasn't more direct on this point is because of what he was continuing to experience regarding his prior association with the organized crime entity that was harassing him, and Bush didn't want to create even more problems for himself.

22. Bush could've filed a Tax Form with his 1040 where he reports his tips not reported by his Employer, but that would result in the IRS contacting Donato's, and Bush correctly feared termination in such event *(there were no Whistleblower protections for Employees on tax matters prior to July 1, 2019).*

23. Bush thus was also not able to obtain health care- via Medicaid or the ACA Exchange- because he could not file his taxes because of the tip situation. Bush did get seriously

5

ill with the Flu during this period.

24. Moreover, it may well be the case that the situation in Bush's working period at Donato's in the past- prior to the passage of the Taxpayer First Act- is not relevant to the instant case in any event.

25. The Department of Labor Decision upholds Donato's, but because such Decision came well after 180 days, Bush thus is acting under Section 7623's provisions for a de novo review.

26. Bush notes that there is no timeframe under the Statute for filing an action for de novo review. Bush is aware that there are some statutory references to other laws which provide for a 4 year period to undertake such a matter. Even if such other references were applicable herein, Bush notes that he is within such window, as the calculation of the 4 year period would have to allow for a several month pause- in which efforts at mediation were undertaken- as well as the 180 day period itself, meaning that the window for Bush to so act- again, only if the 4 year period were applicable which Bush argues should not be the case- is still open.[3]

27. Bush has previously informed the Sixth Circuit that he, Bush, was considering filing a de novo review in US District Court. The Sixth Circuit has not heretofore engage in a sua sponte Decision on the particular matter of a Plaintiff pursuing action at both the Appellate Level and the District Court Level at the same time.

28. Bush is filing on Wed., June 24, 2026- a day before Bush's Brief is due before the 6th Circuit- because he lacked the funds needed for a filing fee, $405, as Bush has limited means, and can not avail himself of the abundant funding in place for the Department

---

3  If counting from October 6, 2021, and adding 180 days plus a 98 day period tolled because of Mediation, assuming a 4 year window- which, again, Bush does not concede is applicable in any event- the resulting deadline for filing would be July 11, 2026.

of Labor- and just obtained a deposit for his Checking Account, made on Saturday, June 20, 2026, after receiving enough funds to cover the filing fee (Bush had received such funds on Thursday, June18, 2026, after the close of banking hours, and could not deposit his funds on Friday, Juneteenth, 2026 because it was a Federal Holiday and his bank was closed. Upon making the deposit on Saturday, June 20th, 2026, the Bank informed him that his deposit would not be available until Wednesday, June 24th, 2026, and that prior to such time, Bush only had $276 available for use to pay the fee, such fee $400.

"I declare under penalty of perjury that the foregoing is true and correct, this 24th day of June, 20 26 ."

Chris Bush, Pro Se
Plaintiff
100 S Winter St., # 3966
Midway, KY 40347
chris.chrisbush.bush008@gmail.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Civil Complaint against the Department of Labor and Donato's Pizza, and the accompanying Affidavit of Chris Bush, was sent to the Clerk of the United States District Court for the Eastern District of Kentucky, Lexington Division, 101 Barr Street, Lexington, KY 40507 by personal delivery June 24th, 2026, to Donato's Pizza, c/o Lockaby PLLC, 476 East High Street, Suite 200, Lexington, KY, 40507  by Regular Mail June 24th 2026, to the Department of Labor, Heather Maria Johnson, Senior Attorney, Office of the Solicitor, Division of Fair Labor Standards, 200 Constitution Ave, NW, Suite N-2716, Washington, DC, 20210 by email, Johnson.Heather.M@dol.gov,  and by regular Mail June 24th, 2026, and Civil Complaint was sent  to the Sixth Circuit Court of Appeals, Office of the Clerk, 540 Potter Stewart U.S.Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202-3988 by personal delivery June 24th, 2026.

Christopher Bush, Petitioner
Date:   06-24-26

100 S Winter St, # 3966
Midway, KY 40347
chris.chrisbush.bush008@gmail.com

8